## THE PEOPLE, USE, ETC.,
### v.
## WILLIAM STEWART.

*Guardian and Ward—Surety on Bond—Suit Against—Statute of Limitations—Citation to Appear and Explain Account.*

1. A citation to require a guardian to account is not an action either at law or equity within the meaning of the statute of limitations.

2. The citation of the surety upon a guardian's bond, twenty-one years after the ward became of age, to state his knowledge of the guardianship account, the guardian having died, does not revive a right to recover from such surety any balance unpaid.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Richland County; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. JOHN LYNCH, Jr., for appellant.

Mr. ROBERT B. WITCHER, for appellee.

REEVES, J. The single question that arises upon this record is, was the claim of appellant barred by the statute of limitations.

In 1857 James C. Stewart was appointed by the County Court of Richland county, guardian of Thomas M. Shields, and executed his bond as such guardian, with appellee as security. In May, 1866, the County Court, upon a final accounting of such guardian, made an order "that the said James C. Stewart, guardian, etc., aforesaid, pay to Thomas M. Shields, he being now of lawful age, the aforesaid sum of $324.97."

It must be conceded that after this order Thomas M. Shields could have instituted a suit against his guardian, individually or on his bond, to recover this sum so found due him by the County Court upon a final accounting, if the guardian failed

to comply with the order by making payment as he was directed. This being true, the statute then began to run, and the full limit of the statute had expired before the suit was brought.

James C. Stewart, the guardian, died in 1875, and his estate was finally settled in 1878. It is, however, contended that because appellee, surety on guardian's bond, came into court in 1887, upon a citation so to appear, and made a statement of the condition of the guardian's account as nearly as he could, and because upon that statement the County Court found that a part of the amount found due from the guardian to Thomas M. Shields, by the order of the County Court in May, 1866, and which the guardian was then ordered to pay said Shields, had not been paid, and was still due and owing by said guard-ian to said Shields, the cause of action as against the appellee, surety on the bond, revived. We fail to see the force of this position. A citation to require a guardian to account is not an action, either of law or in equity, within the meaning of the statute of limitations. Appellee could not have invoked the statute in answer to the citation to appear and render account for his principal. Bruce v. Doolittle et al., 81 Ill. 103. If appellee could not interpose the statute when cited to appear and render account, it would be unreasonable to hold that because he obeyed the order of the court and rendered such account it would have the effect to revive a cause of action that was barred by the statute. If he refused to obey the citation he would be liable to attachment for contempt. If he appeared, he could not at such appearance invoke the statute; and yet it is urged because he appeared and rendered an account under these conditions, he waived the statute and revived the cause of action against him. The mere statement of this contention is sufficient to overthrow it. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*